### A. GOMEZ v. THE STATE.

#### No. 4043. Decided April 12, 1916.

1.—Sodomy—Indictment—Precedent.

Where, upon trial of sodomy, the indictment followed approved precedent, the same was sufficient.

2.—Same—Statement of Facts—Sufficiency of the Evidence.

In the absence of a statement of facts the question of the insufficiency of the evidence can not be considered on appeal.

**3.—Same—Verdict—Severance.**

Where a severance had been obtained and defendant alone was on trial the contention that the verdict did not show which one of the defendants was found guilty, is untenable.

Appeal from the District Court of Austin. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of sodomy; penalty, five years imprisonment in the penitentiary.

*Johnson, Matthaei & Thompson* and *J. D. Barker*, for appellant.— On question of the insufficiency of the indictment: State v. Campbell, 29 Texas, 44.

On question of verdict: Taylor v. State, 5 Texas Crim. App., 569; Curry v. State, 7 id., 91; Haney v. State, 2 id., 504; Collins v. State, 6 id., 647.

*C. C. McDonald*, Assistant Attorney General, for the State.—On question of the sufficiency of the indictment: Branch's Crim. Law, sec. 744.

DAVIDSON, Judge.—Appellant was convicted of sodomy, his punishment being assessed at five years confinement in the penitentiary.

The indictment is attacked as being insufficient. It follows the form laid down by Judge Willson in Willson's Texas Criminal Forms No. 261, which has been held sufficient in its averments to state this character of case of sodomy. There were no exceptions to the charge. The motion for new trial is based, first, upon the insufficiency of the indictment; second, that the verdict of the jury is contrary to the law and the evidence, and, third, that the verdict is not supported by the evidence introduced by the State. The first proposition has been met by reference to Judge Willson's forms. The second and third grounds may be answered by stating that the record is before us without a statement of facts. It was also contended in the motion for new trial that the verdict of the jury is written on an indictment, but does not show which defendant was found guilty of the charge of sodomy. Gomez, appellant, alone was on trial, a severance having been obtained. As this record is presented to the court we find no reversible error. The judgment will, therefore, be affirmed.

*Affirmed.*